UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                           Case No. 3:20-cr-82

vs.

RAULAND POLLARD, III,               District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT'S TWO PRO SE MOTIONS FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. Nos. 387, 388)**

---

Defendant is presently serving a three-year term of supervised release. Doc. No. 228 at Page D 2488-90. Liberally construing in his favor his letter and pro se motion, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), he has filed two pro se motions for early termination of his term of supervised release. Doc. Nos. 387, 388.

**I.**

Defendant states he began his supervised release on October 27, 2023. *Id*. at PageID 4480. He reports he has successfully complied with all terms and conditions of his supervised release including, but not limited to, reporting as directed; completion of all required programming, community service, and treatment; and no new arrests. He further asserts he has demonstrated his success with rehabilitation and is a productive member of the community as he has demonstrated by maintaining employment and pursuing an education. He concludes that continued supervision "would serve no further rehabilitative purpose, and early termination would conserve judicial and [supervision] resources." *Id*.

## II.

The Court may terminate a term of supervised release after a defendant serves one year and the termination "is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Court likewise considers the familiar sentencing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). *Id*.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). This strict test is necessary because supervised release is primarily designed to benefit defendants by creating structure and support in their lives and, in doing so, helping them overcome the many challenges and obligations of everyday life outside of prison. *Cf. United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); *United States v. Doyle*, 711 F.3d 729, 737 (6th Cir. 2013) (same). Supervised release provides defendants with the assistance of United States Probation Officers, who are highly trained experts in assisting defendants make the successful transition to non-prison life. Early termination of supervised release carries the risk of depriving a defendant of these benefits and interfering with the progress a defendant has made while on supervised release.

Having reviewed the record in this case, and liberally construing Defendant's pro se motions in his favor, *see Erickson,* 551 U.S. at 94, the Court commends Defendant for his ongoing compliance with the conditions of his supervised release and the positive steps he has taken towards rehabilitation. *See* Doc. No. 387 at PageID 4311; Doc. No. 388 at PageID 4480. However,

the test for securing an early termination of supervised release is strict. *See supra* § II. The Court finds—pursuant to § 3583(e)(1) and the applicable § 3553(a) factors—that although Defendant has made meaningful progress in transitioning to life outside of prison, his request for an early termination of supervised release should not be granted at this time. *See Atkin*, 38 F. App'x at 198; *see also United States v. Bey*, No. 23-1485, 2023 WL 8043044, at *2 (6th Cir. Nov. 16, 2023); *cf. United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (A district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient.") (quotation marks omitted).

### III.

Accordingly, Defendant's pro se motions for early termination of supervised release is **DENIED**. The Court encourages Defendant to continue in the positive steps he has taken in his life, as these will doubtlessly benefit him, his family, and his community in the present and future.

**IT IS SO ORDERED.**

November 24, 2025  s/*Michael J. Newman*
  Hon. Michael J. Newman
  United States District Judge

cc:  United States Probation Office
  Dayton, Ohio 45402